**BURSOR & FISHER, P.A.**
Philip L. Fraietta (SBN #354768)
50 Main St., Ste. 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

Kaili C. Lynn (SBN #334933)
Joshua R. Wilner (SBN #353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: klynn@bursor.com
        jwilner@bursor.com

Max S. Roberts (SBN #363482)
1330 Ave. of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

*Attorneys for Plaintiffs*

**MORRISON & FOERSTER LLP**
Tiffany Cheung (SBN #211497)
Camila A. Tapernoux (SBN #299289)
TCheung@mofo.com
CTapernoux@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILEY KRZYZEK and CHRISTIAN CALCINES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPENX TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 3:25-cv-05588-SI<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  January 20, 2026<br>Time:  2:30 p.m.<br>Ctrm:  17th Floor<br>Judge:  Hon. Susan Illston |

1   Plaintiffs Kiley Krzyzek and Christian Calcines ("Plaintiffs"), and Defendant OpenX

2   Technologies Inc. ("Defendant" or "OpenX"), the parties to the above-titled action (collectively, the

3   "Parties"), hereby submit this Joint Case Management Statement pursuant to the Standing Order for

4   All Judges of the Northern District of California, Civil Local Rule 16-9.

5       **1.  Jurisdiction and Service:**

6   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this

7   case is a class action where the aggregate claims of all members of the proposed class are in excess

8   of $5,000,000, exclusive of interest and costs, and at least one member of the proposed class is a

9   citizen of a state different from at least one Defendant.  Defendant continues to challenge subject

10  matter jurisdiction based on the absence of Article III standing and reserves all rights to continue to

11  challenge subject matter jurisdiction.

12  This Court has general personal jurisdiction over Defendant because Defendant is

13  headquartered in California. Further, Defendant did not object to personal jurisdiction in its

14  motion to dismiss.

15  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the

16  events alleged in the First Amended Complaint giving rise to Plaintiffs' claims are alleged to have

17  occurred in this District and Plaintiff Krzyzek resides in this District.  Further, Defendant did not

18  object to venue in its motion to dismiss.

19  Service of the Complaint is complete.  Plaintiffs served Defendant with a copy of Plaintiffs'

20  Complaint on July 8, 2025.

21      **2.  Facts:**

22      *Plaintiffs' Position*

23  This case involves egregious privacy violations perpetuated on an enormous scale across the

24  internet by Defendant.  By contracting with hundreds of website operators, data brokers, and

25  technology companies, Defendant (a registered data broker itself) improperly collects massive

26  amounts of data on millions of internet users, including their identifying information, addressing

27  information, and the contents of their private communications with websites, all without website

28  users' knowledge or consent.  Defendant does this to profit off consumers' data, compiling the

1    information it collects into detailed profiles on consumers and their online behavior, which are sold

2    to dozens of entities to facilitate real-time bidding.   The result is dragnet surveillance of near every

3    aspect of Plaintiffs' and Class Members' lives and a loss of control of even one's most intimate

4    information, which is made available for sale to numerous other data brokers and advertisers in the

5    blink of an eye without notice or consent.

6          Plaintiffs expect the evidence in this case will bear out their allegations.   While Defendant

7    does not believe its conduct violates any privacy law or claim, and may assert a number of legal

8    defenses, it hasn't disputed that the conduct Plaintiffs allege actually occurred.   Further, Plaintiffs

9    expect that the requirements for class certification will be satisfied pursuant to Fed. R. Civ. P. 23(a)

10   and 23(b)(3), as they have been in other cases concerning similar privacy violations.  *See Torres v.*

11   *Prudential Financial, Inc.*, 2024 WL 4894289 (N.D. Cal. Nov. 26, 2024); *Frasco v. Flo Health, Inc.*,

12   *Defendants*, 349 F.R.D. 557 (N.D. Cal. 2025); *cf. Jancik v. WebMD LLC*, 2025 WL 560705 (N.D.

13   Ga. Feb. 20, 2025).

14         ***OpenX's Position***

15         OpenX operates an independent advertising exchange that enables website publishers to sell

16   digital ad space on properties they own and operate, and facilitates advertisers' ability to buy

17   and display their advertisements on that digital ad space. These services provide significant, long-

18   recognized benefits: they help online publishers create quality low- or

19   no-cost content for online users to enjoy; they help advertisers reach new audiences and drive

20   online commerce; and they help deliver relevant, engaging, and safe advertisements for online

21   users to view. In order to offer these valuable services, OpenX's publisher partners sends OpenX

22   certain information about their online properties and, on an anonymized basis, the devices used to

23   visit them. These data collection practices are limited, conducted at the direction and with the

24   participation of OpenX's publisher partners, and within the reasonable expectations of online

25   users. OpenX collects only non-identifying information tied to devices—not individuals. This

26   publisher-directed collection of anonymous device information is expected by reasonable online

27   users, as evidenced by the many federal and state consumer privacy laws that specifically reference

28   and permit it in the context of online advertising. Contrary to Plaintiffs' statement immediately

1   above, OpenX denies the conduct alleged in the First Amended Complaint. For example, contrary to

2   Plaintiffs' allegations, OpenX does not deanonymize any individual consumer, and does not have

3   the capability to do so. OpenX further denies that its conduct constitutes intrusion upon seclusion or

4   violations of the California Invasion of Privacy Act or the Electronic Communications Privacy Act.

5       **3. Legal Issues:**

6       Plaintiffs assert claims on behalf of themselves and the proposed Classes for violations of (1)

7   Intrusion Upon Seclusion; (2) violation of California's Invasion of Privacy Act, Cal. Penal Code §§

8   631(a), *et seq.*; (3) violation of California's Invasion of Privacy Act, Cal. Penal Code

9   §§ 638.51(a), *et seq.*; and (4) violation of the Electronic Communications Privacy Act, 18.U.S.C. §§

10   2511(1), *et seq.*

11       The relevant legal issues that are likely to arise include, but are not limited to:

- Whether Defendant is a "third party" for the purposes of CIPA § 631;
- Whether Defendant read, attempted to read, or learned the contents of Plaintiffs' and Class Members' communications "in transit";
- Whether Defendant used or had the capability to use the contents of Plaintiffs' and Class Members' communications;
- Whether Defendant's technology constitutes "pen registers" pursuant to CIPA § 638.50(b);
- Whether Defendant's conduct was highly offensive and invaded Plaintiffs' and Class Members' reasonable expectations of privacy;
- Whether Plaintiffs or any particular Class Member consented to the alleged conduct;
- Whether a Class can be certified pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3);
- Whether Plaintiffs and Class Members are entitled to damages pursuant to Cal. Pen. Code § 637.2 or the common law, and the amount of said damages;
- Whether Plaintiffs and Class Members are entitled to damages under ECPA;
- Whether OpenX collected or stored any confidential or private information related to Plaintiffs; and
- Whether Plaintiffs were injured by any act of OpenX.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**4. Motions:**

On November 21, 2025, Defendant filed a Motion to Dismiss Plaintiffs' Complaint.  ECF No. 26.   Plaintiffs filed their Opposition to Defendant's Motion on December 12, 2025, and Defendant filed its Reply on January 9, 2026.  ECF Nos. 27, 30. The Court issued its Order Granting-in-Part and Denying-in-part Defendant's Motion on January 27, 2026. ECF No. 35.

**Plaintiffs' Position:**

Plaintiffs anticipate filing a motion for class certification and reserves the right to file a motion for summary judgment, *Daubert* motions, and other pre-trial motions at the appropriate time.

**Defendant's Position:**

OpenX anticipates opposing Plaintiffs' motion for class certification and filing a motion for summary judgment.  OpenX reserves the right to file a motion to strike, *Daubert* motions, and other pre-trial motions at the appropriate time

**5. Amendment of Pleadings**

On February 4, 2026, Plaintiffs filed a notice of intent not to file an amended complaint. On February 11, Plaintiffs informed OpenX that they intend to seek to file a Second Amended Complaint. On February 12, Plaintiffs provided OpenX with the proposed SAC. As OpenX has only just received the proposed SAC, it is evaluating its position.

**6. Evidence Preservation:**

The Parties confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.  Further, all Parties' counsel have taken steps to advise their clients about the need to preserve relevant evidence.

**7. Disclosures:**

The Parties will serve their Fed R. Civ P. 26(a)(1) initial disclosures by February 19, 2026.

**8. Discovery:**

The Parties have agreed to accept service via e-mail and to treat such service as service by U.S. mail.  The Parties further agree to cooperate and work in good faith toward reaching an agreement on a stipulation regarding the preservation and production of electronically stored

1    information, as well as a protective order governing the discovery and use of confidential

2    information.

3        To date, no documents have been requested or produced.  Both parties anticipate serving

4    their First Sets of Requests for Production of Documents and First Sets of Interrogatories  following

5    initial disclosures.

6        **9.  Class Actions:**

7        *Plaintiffs' Position*

8        Plaintiffs bring this case as a putative class action on behalf of themselves and the following

9    proposed classes: All persons in the United States whose personal information, communications, or

10   private information, or data derived from their personal information, communications, or private

11   information, was used to create a profile and/or made available for sale or use through Defendant's

12   platform, distributed or sold in the process of delivering advertising on websites, mobile applications,

13   or other digital media, or otherwise (the "Nationwide Class").  Plaintiffs also seek to represent a

14   subclass defined as All California residents whose personal information, communications, or private

15   information, or data derived from their personal information, communications, or private

16   information, was used to create a profile and/or  made available for sale or use through Defendant's

17   platform, distributed or sold in the process of delivering advertising on websites, mobile applications,

18   or other digital media, or otherwise.  The Parties have proposed a schedule regarding class

19   certification, as outlined in Section 15, *infra*.  Plaintiffs' counsel has reviewed the Procedural

20   Guidelines for Class Action Settlements.

21       *Defendant's Position*

22       OpenX disputes Plaintiffs' contention that this action is properly maintainable as a class

23   action, including because individual issues overwhelmingly predominate under Rule 23(b)(3) and

24   because Plaintiffs cannot satisfy the commonality requirement of Rule 23(a) or the manageability

25   or superiority requirements of Rule 23(b).

26       **10. Related Cases:**

27       The Parties are not aware of any related cases.

28

**11. <u>Relief:</u>**

*Plaintiffs' Position*

Plaintiffs seek all available damages (including but not limited to compensatory damages, consequential damages, statutory damages and punitive damages), pre/post-judgment interest, attorneys' fees, and costs and expenses.

*Defendant's Position*

OpenX denies that Plaintiffs or the purported class have suffered any cognizable injury or are entitled to any relief from Defendant, denies that this case can properly be maintained as a class action, and denies that Plaintiffs or the purported class are suffering from ongoing harm entitling them to injunctive relief.

**12. <u>Settlement and ADR:</u>**

The parties are open to engaging in settlement discussion with a private mediator. The Parties have reviewed the ADR procedures in ADR L.R. 3-5 and submitted their ADR Certifications on September 10 and September 11, 2025.

**13. <u>Other References:</u>**

The Parties do not believe that the case is suitable for reference to binding arbitration or a special master at this time.  The Parties have not consented to the jurisdiction of a magistrate judge.

**14. <u>Narrowing of Issues:</u>**

The Parties are not aware of any issues that may be narrowed at this time.

**15. <u>Scheduling:</u>**

The Parties make the following proposals to the Court:

| Event | Proposed Deadlines |
|---|---|
| Defendant's initial disclosures pursuant to Fed. R. Civ. P. 26 | February 19, 2026 |
| Deadline to file proposed protective order and ESI protocol | April 13, 2026 |
| Deadline to seek leave to amend pleadings | April 20, 2026; OpenX reserves the right to oppose any request for |

| Event | Proposed Deadlines |
|---|---|
| | leave to amend. |
| Deadline for Parties to attend mediation or settlement conference | February 15, 2027 |
| **Close of fact discovery**[1] | January 21, 2027 |
| Deadline to file Motion for Class Certification and disclosure of Plaintiffs' expert reports | February 2, 2027 |
| Opposition to Plaintiffs' Motion for Class Certification and disclosure of Defendant's expert reports | March 30, 2027 |
| Reply in support of Plaintiffs' Motion for Class Certification and disclosure of Plaintiffs' rebuttal expert reports | April 30, 2027 |
| Close of expert discovery | May 13, 2027 |
| Deadline to file Summary Judgment | 60 days after Court's ruling on class certification |
| Deadline to file *Daubert* motions | 60 days after Court's ruling on class certification |
| Deadline to file motions in *Limine* | To be set after Court's decision on motion for summary judgment |

[1] Other than discovery related to noticing Class Members pursuant to Fed. R. Civ. P. 23(d).

**16. <u>Trial</u>:**

*Plaintiffs' Position:*

Plaintiffs demand a jury trial of any claims triable by a jury and expect trial to last approximately 5-7 days.

*Defendant's Position:*

OpenX believes it is premature to estimate the length of any trial, which will depend materially on the Court's ruling on Plaintiffs' anticipated class certification motion and on any summary judgment motions filed by the parties.

**17. <u>Disclosure of Non-Party Interested Entities or Persons</u>:**

The Parties are not aware of any non-party interested entities or person, other than putative class members and as identified in OpenX's Corporate Disclosure Statement and Certification of Interested Entities (ECF No. 17).

**18. <u>Professional Conduct</u>:**

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to comply with them.

**19. <u>Other Matters</u>:**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: February 13, 2026

Respectfully submitted,

**BURSOR & FISHER, P.A**.

By: */s/ Philip L. Fraietta*
       Philip L. Fraietta

Philip L. Fraietta (SBN #354768)
50 Main St., Ste. 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A**.
Kaili C. Lynn (SBN #334933)
Joshua R. Wilner (SBN #353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: klynn@bursor.com
        jwilner@bursor.com

1    **BURSOR & FISHER, P.A.**
     Max S. Roberts (SBN #363482)
2    1330 Ave. of the Americas, 32nd Floor
     New York, NY 10019
3    Telephone: (646) 837-7150
     Facsimile: (212) 989-9163
4    E-mail: mroberts@bursor.com

5    *Attorneys for Plaintiffs*

6

7    **MORRISON & FOERSTER LLP**

8    By:  ___/s/ Camila A. Tapernoux_____
              Camila A. Tapernoux

9
     Tiffany Cheung (SBN #211497)
10   Camila A. Tapernoux (SBN #299289)
     TCheung@mofo.com
11   CTapernoux@mofo.com
     425 Market Street
12   San Francisco, CA 94105
     Telephone: 415.268.7000
13   Facsimile: 415.268.7522

14   *Attorneys for Defendant*

15                  **SIGNATURE ATTESTATION**

16        Pursuant to Civil L.R. 5-1(i)(3), the filer of this document attests that all signatories have

17   concurred in its filing.

18                              By: */s/ Philip L. Fraietta*_____
                                      Philip L. Fraietta
19

20

21

22

23

24

25

26

27

28

---