UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN COBBS, DILARA USKUP, and CHRISTIAN CALCINES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPENX TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 3:25-cv-05588-PK<br><br>**[PROPOSED] STIPULATED PROTOCOL REGARDING PRESERVATION OF RAW EVENT LOG DATA**<br><br>Hon. Peter H. Kang |

1. **RECITALS**

WHEREAS, on April 14, 2026, this Court entered a Stipulated Order Regarding Discovery of Electronically Stored Information ("ESI") (ECF No. 54)

WHEREAS, Paragraph 5 of the Stipulated Order (ECF No. 54) provides that the parties will "file a stipulated preservation protocol" in order to "reduce the costs and burdens of preservation to ensure proper ESI is preserved"

WHEREAS, on July 17, 2026, the Court entered an Order Regarding Discovery Dispute, Dkt. No. 65, in which the Court denied Plaintiffs' request that OpenX preserve raw event log data associated with websites beyond those identified in Plaintiffs' amended complaint and held that it was "adequate that defendant preserve data related to the specific websites and plaintiffs named in the amended complaint";

WHEREAS, the Court further ordered OpenX to produce a 24-hour snapshot of all data collected from each website named in Plaintiffs' complaint by July 30, 2026;

WHEREAS, on July 30, 2026, pursuant to the Court's further July 17 order regarding discovery, OpenX produced to Plaintiffs a 24-hour snapshot of event-level data collected from the following websites (if any): Bon Appetit, Covered California, Apartment Therapy, Fox News, and Business Insider;

United States District Court
Northern District of California

WHEREAS, Plaintiffs intend to file a motion to amend their complaint to include the Biblehub, WebMD, and Yahoo websites. The parties have agreed to modify the list of "Identified Websites" to include those websites.

WHEREAS, the parties agree to the following protocol governing OpenX's continuing preservation obligations for data associated with the identified websites and Plaintiffs' device identifiers;

NOW, THEREFORE, the parties stipulate and agree as follows:

**1. Definitions**

1.1. **"Identified Websites"** means BonAppetit.com, Biblehub.com, WebMD.com, and Yahoo.com.

1.2. **"Plaintiffs' Provided Identifiers"** means the identifiers exchanged between the parties in correspondence dated September 11, 2026. Plaintiffs have provided these purported device identifiers that they contend are associated with the named Plaintiffs. OpenX does not admit or represent that the identifiers identify any Plaintiff, any individual, any device, or any browser, nor does OpenX concede the accuracy, authenticity, ownership, or evidentiary significance of those identifiers. OpenX's agreement to preserve data associated with such identifiers is solely for purposes of complying with this Protocol and shall not constitute an admission for any purpose in this litigation.

1.3. **"Raw Event Log Data"** means the raw event-level records generated when OpenX receives, processes, or transmits an ad request, bid request, bid response, or related transaction through its exchange or related systems.

**2. Preservation Through the Effective Date**

OpenX shall preserve the Raw Event Log Data and other responsive data associated with the Identified Websites beginning on September 29, 2026 until October 29, 2026.

Subject to Paragraph 4 below, OpenX may allow the underlying event-level Raw Event Log Data associated with Coveredca.com, apartmenttherapy.com, foxnews.com, and businessinsider.com to be deleted, overwritten, or otherwise disposed of in accordance with its ordinary-course retention policies 15 days after execution of this Stipulation.

Nothing in this Protocol requires OpenX to recreate, restore, or recover data that was deleted before OpenX implemented its applicable preservation measures in response to the filing of this action.

**3. Prospective Preservation for the Identified Websites**

Beginning on October 29, 2026, OpenX shall not be required to preserve all event-level Raw Event Log Data associated with the Identified Websites.

Subject to Paragraph 4 below, OpenX may allow the underlying event-level Raw Event Log Data associated with the Identified Websites to be deleted, overwritten, or otherwise disposed of in accordance with its ordinary-course retention policies.

**4. Preservation of Data Associated with Plaintiffs' Provided Identifiers**

Notwithstanding Paragraph 3, OpenX shall continue to preserve event-level data reasonably identifiable in its systems as associated with Plaintiffs' Provided Identifiers. This obligation applies only to data that:

a. is within OpenX's possession, custody, and control
b. is reasonably identifiable through the use of the Plaintiffs' Identifiers provided to OpenX; and
c. is generated or maintained during the period in which this Protocol remains in effect.

Absent a subsequent written agreement of the parties or further order of the Court, nothing in this Protocol requires OpenX to preserve:

a. Raw Event Log Data associated with any website other than the Identified Websites;
b. Raw Event Log Data associated with any identifier or alleged identifier other than Plaintiffs' Provided Identifiers;
c. historical data deleted before implementation of OpenX's preservation obligations; or
d. any data source other than the Raw Event Log Data expressly addressed by this Protocol.

To the extent Plaintiffs seek preservation beyond the scope of this Protocol, the parties shall meet and confer before presenting any dispute to the Court.

No additional identifiers shall become subject to this Protocol absent written agreement of the parties or further order of the Court.

**5. Ordinary-Course Operations**

Except as expressly provided in this Protocol, OpenX may continue to operate its systems and apply its ordinary-course data-retention, deletion, overwriting, anonymization, and system-management practices.

The operation of ordinary-course systems in accordance with this Protocol shall not constitute spoliation or a failure to preserve.

**6. No Expansion of Discovery Obligations**

This Protocol governs preservation only. It does not determine:

a. whether any preserved material is relevant, responsive, proportional, discoverable, or admissible;

b. whether any party must produce any particular data or information;

c. the form in which any information must be produced; or

d. whether any objection, privilege, protection, or limitation applies.

OpenX reserves all objections to any request for production of the data preserved pursuant to this Protocol, including objections based on relevance, proportionality, burden, privacy, confidentiality, privilege, and the adequacy of less burdensome alternatives.

**7. No Waiver**

Nothing in this Protocol shall be construed as an admission by OpenX that any particular data is relevant, discoverable, or admissible; an admission that OpenX had or has any preservation obligation broader than the obligations imposed by the Federal Rules of Civil Procedure, this Court's July 17, 2026 Order, and this Protocol; a waiver of any party's claims, defenses, objections, privileges, or protections; or a modification of the Court's July 17, 2026 Order except to the extent the parties expressly agree to the prospective preservation procedures stated herein.

**8. Duration**

OpenX's obligations under this Protocol shall continue until the earliest of:

a. final resolution of this action, including the exhaustion of any appeals;

b. dismissal with prejudice of all claims against OpenX;

c. entry of a further order modifying OpenX's preservation obligations; or

d. written agreement of the parties.

At the conclusion of OpenX's preservation obligations, OpenX may return to its ordinary-course retention and deletion practices, subject to any other applicable legal obligation or court order.

**9. Litigation Preservation Only**

Plaintiffs agree that OpenX's preservation efforts undertaken pursuant to this Protocol shall not be offered as evidence or argument that OpenX ordinarily preserves, maintains, indexes, searches, or has access to Raw Event Log Data in the manner required by this Protocol outside the context of this litigation.

Plaintiffs shall not argue or suggest that OpenX's compliance with this Protocol demonstrates that OpenX possessed, maintained, or routinely used the same preservation procedures, search methodologies, or retention practices before this litigation commenced.

Plaintiffs agree that they, their counsel, and other persons acting on their behalf are prohibited from using the fact that OpenX complied with this Court's order or the process by which OpenX compiled the data produced or preserved in compliance with this order to argue that OpenX engaged in any similar conduct outside the context of this litigation, provided, however, that nothing should prevent Plaintiffs, their counsel, or other persons from making such statements based on other independent grounds.

**10. Modification and Disputes**

The parties may modify this Protocol by written agreement.

Before seeking relief from the Court concerning this Protocol, the parties shall meet and confer in good faith regarding any dispute.

**11. Court Approval**

The parties respectfully request that the Court approve this Stipulated Protocol and enter it as an order of the Court.

IT IS SO STIPULATED.

Dated: September 14, 2026 **BURSOR & FISHER, P.A.**

By */s/ Joshua R. Wilner*
Joshua R. Wilner

*Attorneys for Plaintiffs*
KRISTIN COBBS, DILARA USKUP, AND CHRISTIAN CALCINES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

DATED: September 14, 2026

**MORRISON & FOERSTER LLP**

By: */s/ Camila A. Tapernoux*
Tiffany Cheung
Camila A. Tapernoux

**GREENBAUM OLBRANTZ LLP**

By: */s/ Carter E. Greenbaum*
Carter E. Greenbaum

*Attorneys for Defendant*
OPENX TECHNOLOGIES, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:

By: ___________________________

HON. PETER H. KANG

United States Magistrate Judge